STATE *vs.* GEORGE MORLEY and WIFE.

CRIMINAL LAW—JURISDICTION—EXTENT OF PENALTY.

Indictment charging that accused unlawfully exhibited and kept a table on which a game called crap was played charged a misdemeanor under *Rev. Code* 1915, §3586, of which the Court of General Sessions has jurisdiction, and not a misdemeanor defined by *Section* 3570 by playing in a game of crap, of which a justice of the peace has jurisdiction.

-(*March* 13, 1917.)

Judges BOYCE and CONRAD sitting.

*P. Warren Green,* Deputy Attorney General, for the state.

*James Saulsbury* for accused.

Court of General Sessions, New Castle County, March Term, 1917.

INDICTMENT, No. 21, March Term, 1917.

George Morley and Sarah Morley, his wife, were indicted for unlawfully exhibiting, etc., a certain table at which a game of chance, commonly called crap, was played with dice for money. On motion to quash indictment. Refused.

The accused were indicted under *Rev. Code* 1915, § 3568, which provides:

"Whoever shall keep or exhibit a gaming table, faro bank, sweat cloth, roulet table, or other device under any denomination, at which cards, dice or any other game of chance is played for money, or other thing of value,   *   *   *   shall be deemed guilty of a misdemeanor," etc.

The motion to quash was based on *Rev. Code* 1915, §3570, which provides:

"If any person shall take part in, or in any way engage in a certain form of gaming commonly known as 'crap,' in which money or other valuable thing is played for, by means of dice, such person shall be deemed guilty of a misdemeanor, and upon conviction thereof before any Justice of the Peace in this state, shall be fined," etc.

Counsel for the accused contended that the Court of General Sessions, under the last mentioned provision, is without jurisdiction and that the indictment should be quashed.

The Deputy Attorney General contended that it is not charged in the indictment that the accused did "take part in, or in any way engage in  a certain form of game, commonly known as 'crap,'" etc.; but it is charged in the indictment in the first count, that the accused "unlawfully did exhibit," in the second count "unlawfully was concerned in interest in exhibiting," and in the third count "unlawfully did keep a certain table, at which a game of chance then and there commonly called crap was played with dice for money," etc.

BOYCE, J., delivering the opinion of the court:

It is the opinion of the court that the several offenses charged in the indictment fall within the meaning and purview of *Rev. Code* 1915, § 3568, and that the indictment should not be quashed. *State v. Morris*, 5 *Boyce* 226, 91 *Atl.* 998.